UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-24215

JANNIE WILLIAMS,

        Plaintiff,

vs.

THYSSENKRUPP ELEVATOR
CORPORATION, a foreign corporation,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, THYSSENKRUPP ELEVATOR CORPORATION ("THYSSENKRUPP), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby gives notice of the removal to this Court of the cause of action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Jannie Williams, Plaintiff vs. ThyssenKrupp Elevator Corporation, Defendant*. As grounds for this removal, Defendant states as follows:

    **A.**    **Introduction and Legal Grounds for Removal**

    1.    On or about August 06, 2020, an action was commenced when Plaintiff filed her Complaint against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, the County where Plaintiff resides. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

    2.    Defendant was served with Plaintiffs' Complaint on September 14, 2020. A true and correct copy of the Summons is attached as Exhibit "B".

3. Plaintiffs' Complaint alleges a single count of negligence against THYSSENKRUPP related to an alleged elevator incident that allegedly resulted in serious and permanent injuries to Ms. Williams (s*ee* Exhibit "A").

4. This Notice of Removal is based on diversity of citizenship jurisdiction of this Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

5. Pursuant to the provisions of 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ."

6. 28 U.S.C. §1441 reads, in relevant part:

> (a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place in which such action is pending.

7. As demonstrated below, the instant action meets all the requirements for removal from State Court to Federal Court. *See Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

**B.     Complete Diversity Exists.**

8. At the time this action was filed, and at the time of filing this Notice of Removal, Plaintiff is, and was, a citizen of Florida. Plaintiff is a resident of Miami-Dade County, Florida and was working in Miami-Dade County, Florida on the alleged date of incident. *See* Ex. A, Complaint, ¶¶3 and 7.

9. At the time the action was filed, and at the time of filing this Notice of Removal, Defendant was, and is, a Delaware corporation, with its principal place of business in Alpharetta,

Georgia.  (*See* Detail by Entity Name from Florida Department of State, Division of Corporations, attached hereto as Exhibit "C").

10.     Accordingly, complete diversity of citizenship exists under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because this action is between citizens of different states.

**C.      Filed in Proper District.**

11.     This notice of removal is being properly filed in the Southern District of Florida, since this is the district court of the United States within which the state court action is pending in Miami-Dade County, Florida.  *See* 28 U.S.C. §§ 1441(1) and 1446(a).

**D.      The Amount in Controversy is Satisfied.**

12.     A fair reading of the complaint indicates that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.  *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010) (noting that in some cases, it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, "even when the complaint does not claim a specific amount of damages.'"); *see also Roe v. Michelin North America, Inc.*, 613 F. 3d 1058 (11th Cir. 2010) (noting that "[a] district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount,'" and that "courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements") (internal citations omitted).

13.     Although the Complaint here seeks damages "in an amount in excess of the minimal jurisdictional limits of this Honorable Court" (Thirty Thousand Dollars, the minimum amount necessary to trigger the jurisdictional limits of the Circuit Court in and for Miami-Dade County, Florida), the claims for damages are not liquidated and the amount is not specified.

14. Plaintiff is in fact claiming she was injured when a freight elevator door came crashing down on her head Plaintiff is claiming she has been caused to suffer the following:

    a. "bodily injury and resulting pain and suffering;"

    b. "disability, mental anguish, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life,"

    d. "incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment,"

    e. "loss of the ability to earn money and"

    f. "aggravation of a previously existing condition, disease or physical defect."

*See* Ex. A, Complaint, ¶11.

15. Consequently, a fair reading of the claims made against the Defendant herein, coupled with "common sense," suggests that the damages claimed will likely exceed $75,000.00.

16. Moreover, Plaintiff's pre-suit demand stated that Ms. Williams sustained injuries that are in excess of $165,000.00, and Plaintiff's Civil Cover Sheet filed in the State Court indicates that the amount in controversy exceeds $500,000. *See* Composite Exhibit "D."

17. Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and meets the minimum requirements of 28 U.S.C. § 1332(a)(1).

    E.    **Procedural Requirements**

18. This notice of removal is being timely filed with this Court within thirty (30) days after Defendant was served with Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b).

19. A copy of this notice of removal is being filed with the state court where this action is pending and notice thereof is being given to all adverse parties "promptly after" the filing of the notice in this Court. *See* 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint and the Summons indicating service on Defendant, respectively, are attached hereto as Exhibit "A" and Exhibit "B".

21. Pursuant to 28 U.S.C. § 1446(a) which requires the Defendants to furnish a copy of "[a]ll process, pleadings and orders served upon such Defendant" (i.e., the State Court case file) with this Notice of Removal, the Defendants are attaching hereto a copy of all case documents in its possession. *See* Composite Exhibit "D."

22. A civil cover sheet is attached hereto as Exhibit "E."

23. The undersigned attorneys are authorized by THYSSENKRUPP to file this Notice of Removal, are licensed attorneys in the State of Florida, and are members of the Bar of this Court.

### F. No Waiver of Defenses nor Admission of Plaintiff's Allegations

24. By filing this notice of removal, Defendant does not (a) waive any available defenses or (b) admit any allegations set forth in Plaintiffs' Complaint.

WHEREFORE, Defendant, THYSSENKRUPP ELEVATOR CORPORATION, respectfully requests that this Court assume jurisdiction of the above-described action now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. §§ 1332 and 1441.

Dated: October 14, 2020
      Boca Raton, FL

Respectfully submitted,

**SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
*Attorneys for Defendant*
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone:  (561) 477-7800
Facsimile:  (561) 477-7722

By: *s/ Richard P. Hermann*
RICHARD P. HERMANN, II, ESQ.
Florida Bar No. 110019
Primary E-Mail: rhermann@sbwh.law
Secondary E-Mail: floridaservice@sbwh.law
JENNIFER S. SHAFER, ESQ.
Florida Bar No.: 102834
Primary E-Mail: jshafer@sbwh.law
Secondary E-Mail: chughes@sbwh.law
GENEVIEVE BAISDEN, ESQ.
Florida Bar No.: 100058
Primary E-Mail: gbaisden@sbwh.law

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the Service List below via email transmission.

*s/ Richard P. Hermann*
RICHARD P. HERMANN, II, ESQ.

## SERVICE LIST

*Jannie Williams v. ThyssenKrupp Elevator Corporation*
Case No. 1:20-cv-24215
United States District Court, Southern District of Florida

***Counsel for Plaintiff***
Paul Totten, Esq.
ptotten@injurylawyers.com
tdavis@injurylawyers.com
Steinger, Greene & Feiner
2727 NW 62nd Street
Fort Lauderdale, FL 33309
*Via E-Mail*

***Counsel for Defendant***
Richard P. Hermann, II, Esq.
E-Mail: rhermann@sbwh.law
Jennifer S. Shafer, Esq.
E-Mail: jshafer@sbwh.law
Genevieve Lee Baisden, Esq.
E-Mail: gbaisden@sbwh.law
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
*Via CM/ECF*