# EXHIBIT "A"

Filing # 111402440 E-Filed 08/06/2020 02:52:32 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANNIE WILLIAMS,

      Plaintiff,

CASE NO.:

-vs-

THYSSENKRUPP ELEVATOR
CORPORATION, a foreign profit corporation,

      Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JANNIE WILLIAMS, by and through the undersigned counsel, sues the Defendant, THYSSENKRUPP ELEVATOR CORPORATION, and states:

1. This is an action for damages that exceed the minimum jurisdictional amount of this Court.

2. All conditions precedent has been performed or have occurred.

3. At all times material hereto, Plaintiff, JANNIE WILLIAMS, was a resident of Miami-Dade County, Florida.

4. At all times material hereto, Defendant, THYSSENKRUPP ELEVATOR CORPORATION was and is a foreign profit corporation authorized and licensed to do business and was in fact doing business in Miami-Dade County, Florida.

5. Defendant, THYSSENKRUPP ELEVATOR CORPORATION served as the elevator repair company for the premises located at 13850 N.W. 41st Street, Miami, FL 33178, the Miami-Dade Corrections Facility at the Metrowest Detention Center.

6. On or about September 15, 2016, Plaintiff, JANNIE WILLIAMS, was on the

elevators as a business invitee at the premises.

7. At that time and place, Plaintiff entered the freight elevator on the first (1st) floor in Miami-Dade Corrections Facility at the Metrowest Detention Center. Upon arriving at her selected floor the elevator gate rose and the Plaintiff began to exit the elevator and suddenly without warning the elevator door came crashing down on the head of the Plaintiff, causing a closed head injury and to be seriously injured.

## **COUNT I - NEGLIGENCE AGAINST THYSSENKRUPP ELEVATOR CORPORATION**

Plaintiff adopts and re-alleges paragraphs 1 through 7 as if fully set forth herein and further alleges:

8. At all times material hereto, the Defendant, THYSSENKRUPP ELEVATOR CORPOATION, had a non-delegable duty to maintain and inspect the elevators at the premises and to warn of dangers associated with the elevators.

9. Defendant had the following non-delegable duties:

   a. to properly conduct service, maintenance, service testing or other testing of the elevator systems;

   b. to provide safe and properly maintained elevators;

   c. to provide adequate, sufficient, and timely warning to invitees, including the Plaintiff, of unsafe conditions on the premises;

   d. to adequately inspect the elevators and discover dangerous conditions in and about the elevators;

   e. to correct dangerous conditions in and about the elevators that the Defendant knew of, or should have reasonably known of;

   f. to take elevators out of service while the elevators were malfunctioning to avoid hazardous conditions;

   g. to keep proper maintenance records;

   h. to perform routine maintenance; and/or

i. to follow the relevant rules, regulations and industry standards for elevators.

10. At all times material hereto, the Defendant by and through its agents, servants, and/or employees, carelessly and negligently breached its duties by the following manner:

    a. failing to properly conduct service or maintenance, service testing, or other testing of the elevator systems;

    b. failing to provide safe and properly maintained elevators;

    c. failing to provide adequate, sufficient and timely warning to invitees, including the Plaintiff, of unsafe conditions on the premises;

    d. failing to adequately inspect the elevators and discover dangerous conditions in and about the elevators;

    e. failing to correct dangerous conditions in and about the elevators that the Defendant knew of, or should have reasonably known of;

    f. failing to take its elevators out of service while the elevators are malfunctioning to avoid hazardous conditions;

    g. failing to keep proper maintenance records;

    h. failing to perform routine maintenance; and,

    i. failing to follow the relevant rules, regulations and industry standards for elevators.

11. As a direct, proximate and foreseeable result the negligence of the Defendant, Plaintiff, JANNIE WILLIAMS, suffered bodily injury and resulting pain and suffering, disability, mental anguish, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition, disease or physical defect. JANNIE WILLIAMS's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JANNIE WILLIAMS, sues the Defendant, THYSSENKRUPP ELEVATOR CORPOATION, for compensatory damages, costs and interest and demands trial by jury of all issues so triable as a matter of right.

        **STEINGER, GREENE & FEINER**
        2727 NW 62nd Street
        Fort Lauderdale, FL 33309
        Telephone: (954) 491-7701
        Facsimile: (954) 666-0265
        ptotten@injurylawyers.com
        tdavis@injurylawyers.com
        Attorneys for Plaintiff

        */s/Paul G. Totten*
        Paul Totten, Esquire
        Florida Bar No.: 529931